# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CHE TURNER, | ) | Case No. 4:23-cv-851 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jonathan D. Greenberg |
| J. BOLAR, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## OPINION AND ORDER

Petitioner Che Turner seeks an order directing the FCI Elkton Warden to apply 75 days of federal time credits toward pre-release custody and immediately release him to a halfway house. (ECF No. 1, ¶¶ 13, 15, PageID # 6, 7.) Respondent moves to dismiss the petition as moot stating that Mr. Turner was released from the custody of the Bureau of Prisons on June 16, 2023. (ECF No. 6-1, ¶ 1, PageID # 59). For the reasons that follow, the Court **GRANTS** Respondent's motion to dismiss.

### STATEMENT OF FACTS

Mr. Turner was convicted on May 13, 2019, in the Western District of Pennsylvania on charges of conspiracy to possess with intent to distribute and distribution of 28 grams or more of cocaine, for which the Court imposed a sentence of 96 months in prison. (ECF No. 6-1, ¶ 2, PageID # 59.) Mr. Turner's projected release date after the application of good time credits and federal time credits under the First Step Act was June 16, 2023. (ECF No. 1-2, PageID # 20.) He sought administrative remedies requesting an additional 75 days of federal time credits to

allow earlier placement in a halfway house or residential re-entry center. (ECF No. 1, ¶ 6, PageID # 2.) The BOP denied Mr. Turner's administrative requests stating that he was not eligible for pre-release custody or home confinement because he was the subject of a legal detainer from the Commonwealth of Pennsylvania. (ECF No. 1-2, ¶ 5, PageID # 23.)

## STATEMENT OF THE CASE

Based on these alleged facts, Petitioner filed this application for a writ of habeas corpus under 28 U.S.C. § 2241, asking the Court to order the warden at FCI Elkton to credit him with 75 days of federal time credit to be applied to his pre-release custody. He does not dispute the existence of the detainer but argues that the BOP changed the program statement to no longer preclude inmates with detainers from obtaining federal time credits to be applied toward pre-release custody placement. (ECF No. 1, ¶ 13, PageID # 6.) Petitioner also seeks to proceed *in forma pauperis* (ECF No. 2) and to supplement the record (ECF No. 5). For good cause shown, the Court **GRANTS** these motions and considers Petitioner's supplemental brief and the accompanying exhibits in disposing of this matter.

Respondent seeks dismissal of this petition, stating that petitioner was released from BOP custody on June 16, 2023, just 53 days after he filed this petition. (ECF No. 6-1, ¶ 4, PageID # 60.) Therefore, he claims that the petition is moot, depriving the Court of jurisdiction.

**GOVERNING LEGAL STANDARDS**

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)).

Because Petitioner proceeds *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987*); see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding that district courts have a duty to screen out petitions lacking merit on their face under 28 U.S.C. § 2243).

**ANALYSIS**

Article III of the Constitution limits the judicial power of federal courts to deciding actual "cases or controversies." *Hollingsworth v. Perry*, 570 U.S. 693, 133 (2013). An actual controversy must exist not only at the time the complaint or petition is filed, but through all stages of the litigation. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013). "A case becomes moot and therefore no longer a case or controversy for purposes of Article III when the issues presented are no longer 'live'

3

or the parties lack a legally cognizable interest in the outcome. *Id*. at 91. When a case becomes moot under Article III, dismissal for lack of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure is appropriate. *Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017); *KNC Invs., LLC v. Lane's End Stallions, Inc.*, 579 F..App'x 381, 383 (6th Cir. 2014).

The issue in this case is now moot. Petitioner sought additional federal time credits which would lead to his immediate release from federal prison to a halfway house. He is no longer in BOP custody. A decision on the amount of federal time credit he should have been granted would be purely academic and would have no effect on Petitioner's circumstances. Therefore, the Court lacks subject matter jurisdiction to continue this case.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Respondent's motion to dismiss. Pursuant to 28 U.S.C. § 2243 and Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court **DISMISSES** this action. Further, under 28 U.S.C. § 1915(a)(3), this Court certifies an appeal could not be taken in good faith.

**SO ORDERED.**

Dated: July 12, 2023

J. Philip Calabrese
United States District Judge
Northern District of Ohio